782 P.2d 1160

Evan MECHAM, Petitioner,

v.

ARIZONA HOUSE OF
REPRESENTATIVES
et al., Respondents.

Lavern C. HUTCHINS and Mac
Matheson, Petitioners,

v.

ARIZONA HOUSE OF
REPRESENTATIVES
et al., Respondents.

Nos. CV–89–0245–SA, CV–89–0246–SA.

Supreme Court of Arizona.

Sept. 29, 1989.

MacPherson & McCarville, P.A. by Donald W. MacPherson, Phoenix, for petitioner Mecham.

Rattay & Waldrip by Wade F. Waldrip, Tempe, for petitioners Hutchins and Matheson.

Robert K. Corbin, Atty. Gen. by Kathy W. Cook and Norman Chip Wagoner, Asst. Attys. Gen., Phoenix, for respondents.

## OPINION AND ORDER

PER CURIAM.

### I.

Petitioners ask this Court to review by special action (*see* Ariz.R.P.Spec.Act., 17B A.R.S.) the impeachment proceedings in the Arizona legislature that culminated in the removal of Evan Mecham from the office of Governor of the State of Arizona. The events leading up to the impeachment proceedings are described in *Mecham v. Gordon*, 156 Ariz. 297, 751 P.2d 957 (1988). Petitioners claim numerous errors in the proceedings, beginning with the adoption of the Articles of Impeachment, but focus primarily on the trial in the Arizona State Senate.

Illustrative of the multiple allegations is the claim that the Senate erred in convicting Governor Mecham on some acts that were charged as violations of statute but that, petitioners allege, were not illegal because the statutes were either unconstitutional or improperly applied. In addition, petitioners claim that the rights of Governor Mecham and of other Arizona citizens were violated by instructions given by the presiding officer that may have impeded petitioners and others from contacting

their senators on the subject of impeachment.

The power of this Court over impeachment proceedings is quite limited. *See Mecham.* While this Court no doubt has authority to see that the legislature complies with the constitution, the constitution essentially requires only the following: that the House adopt the Articles of Impeachment by a majority vote; that the Senate try the charges; that the chief justice, as presiding officer, preside over the trial in the Senate; that the senators take a prescribed oath; that conviction be had by a two-thirds vote of the elected senators; and that conviction extend only to removal from office and disqualification from future office. Ariz.Const. art. 8, pt. 2, §§ 1 and 2.

It is uncontroverted that each of these constitutional requirements was met in the impeachment proceedings. Once that is ascertained, this Court has no jurisdiction to review the proceedings in the legislature, to examine for error of fact or law, or to prescribe or reject rules to be followed by the Senate during the trial. *Mecham;* THE FEDERALIST, No. 65 (A. Hamilton).[1]

The constitution leaves to the Senate the question whether Governor Mecham committed the acts charged against him and, if he did, whether the acts were impeachable. *Ritter v. United States,* 84 Ct.Cl. 293 (1936), *cert. denied,* 300 U.S. 668, 57 S.Ct. 513, 81 L.Ed. 875 (1937). What constitutes "high crimes, misdemeanors or malfeasance" is not to be determined by our inquiry, for the impeachment process is designed as a legislative "inquest into the conduct of public men." THE FEDERALIST, No. 65.

Even if this Court had jurisdiction to intervene and prevent impeachment for non-impeachable charges, there is almost unanimous agreement that offenses are impeachable when they "involve serious abuse of official power." L. TRIBE, AMERICAN CONSTITUTIONAL LAW § 4–17, at 291 (2d ed.1988). Such offenses include "misapplication of funds, abuse of official power, neglect of duty, encroachment on or contempt of legislative prerogatives, and corruption." *Id.* The charges the House preferred against Governor Mecham certainly fit these broad categories, and the Senate's conviction is therefore a matter of legislative prerogative not within the scope of judicial review. *Id.* at 289. This Court has no power to substitute its view on these questions for that of the Senate nor to dictate to the Senate, either before or after the impeachment trial, the rules and methods to be followed by the Senate in reaching its conclusions. Accordingly,

IT IS ORDERED that the Court declines to accept jurisdiction of the portion of the petition for special action that relates to review of the impeachment proceedings.

### II.

Petitioner Mecham incurred attorneys' fees in defending himself against the impeachment proceedings in the legislature and the criminal charges filed in superior court. He seeks an order directing payment of attorneys' fees in the sum of $243,378.75. The order is sought initially against the attorney general, alternatively against the state treasurer, and lastly against the Arizona legislature. An additional claim in a lesser amount is asserted against the legislature for expenses in connection with Impeachment Articles II(A) through (K).

Since there is no constitutional provision that directs or authorizes the payment of such sums, and since the legislature has not adopted a statute authorizing such payment or appropriating such funds,

IT IS FURTHER ORDERED that the Court declines to accept jurisdiction on issues that relate to attorneys' fees.

### III.

Petitioners seek an order directing payment of recall expenses in the sum of

---

1. All citations to THE FEDERALIST are to the 1982 Bantam Classic edition. Scholars have determined that Alexander Hamilton wrote all of THE FEDERALIST's essays signed by "Publius."

$282,996.76 by the state treasurer or, alternatively, by the state legislature. The recall expense provisions of art. 8, pt. 1, § 6 of the Arizona Constitution are not self-executing but dependent on statutory authorization. *See State ex rel. Clark v. Harris,* 74 Or. 573, 144 P. 109, 112 (1914). The previous statute authorizing payment has been repealed and at present there is no statutory authorization; therefore,

IT IS FURTHER ORDERED that the Court declines to accept jurisdiction on the issue of recall expenses.

## IV.

Petitioners also seek injunctive and other relief relative to the "protocol fund." Litigation is presently pending in the Maricopa County Superior Court concerning this fund. Petitioners do not seek relief from any order made in that case and have made no showing justifying special action interference or intervention by this Court in that case at this time. Accordingly,

IT IS FURTHER ORDERED that the Court declines to accept jurisdiction on issues that relate to the protocol fund.

## V.

IT IS FURTHER ORDERED that the Court denies attorneys' fees and costs and the sanctions requested by respondents.

IT IS FURTHER ORDERED that the Court denies petitioners' request for attorneys' fees and costs in this special action.

## CONCLUSION

The Court declines to accept jurisdiction of the special action.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., and LLOYD FERNANDEZ, Judge, concur.

GORDON, C.J., did not participate in this decision; pursuant to Ariz.Const.

art. 6, § 3, Lloyd Fernandez, Chief Judge of Division Two, Arizona Court of Appeals, was designated to sit in his stead.