CHERRY HILLS COUNTRY CLUB, a Colorado non-profit corporation, Plaintiff–Appellant,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ARAPAHOE, sitting as the Arapahoe County Board of Equalization, Defendant–Appellee.

No. 91CA0606.

Colorado Court of Appeals, Div. I.

May 7, 1992.

Brega & Winters, P.C., Ronald S. Loser, Denver, for plaintiff-appellant.

Peter Lawrence Vana, III, County Atty., and Richard F. Mutzebaugh, Sp. Asst. County Atty., Littleton, for defendant-appellee.

Opinion by Judge VAN CISE *.

Plaintiff, Cherry Hills Country Club (taxpayer), appeals from a district court judg-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

ment which upheld the valuation of taxpayer's land for purposes of 1989 and 1990 property taxes ordered by defendant, the Arapahoe County Board of Equalization (BOE). We affirm in part, reverse in part, and remand with directions.

At issue in this appeal is the valuation of only the land component of the subject property, a private 18–hole championship golf course and a private 9–hole pitch and putt golf course, for the 1989 and 1990 property tax years. Taxpayer does not challenge the valuation of the improvements component of the subject property for these tax years.

As to the 1989 tax year, after making certain minor adjustments to the assessor's valuation figures, the BOE valued taxpayer's land at approximately $9,400,000. Later, in separate proceedings pertaining to the 1990 tax year, the BOE made major adjustments to the assessor's valuation figures for that tax year, and the BOE then valued taxpayer's land at approximately $6,500,000.

Pursuant to § 39–8–108(1), C.R.S. (1991 Cum.Supp.), taxpayer appealed each of the BOE's rulings to the district court for a trial *de novo*, asserting that the actual value of its land for each of these tax years was approximately $4,000,000. These actions were subsequently consolidated for trial by the district court.

After the presentation of evidence, the trial court ruled that the BOE's valuations followed constitutional and statutory requirements and were supported by competent evidence. The trial court further ruled that taxpayer had not met its burden of proof of showing that the BOE's valuations were incorrect. Accordingly, the trial court upheld the BOE's valuations, and this appeal followed.

### I.

Taxpayer first contends that both the assessor and the trial court failed to give appropriate consideration to comparable golf course sales data. Specifically, taxpayer contends that the assessor improperly failed to apply the market approach to appraisal by failing to document considera-

tion of comparable sales of golf courses. It further maintains that the trial court inadequately considered taxpayer's evidence of such comparable golf course sales and thereby also failed to give appropriate consideration to the market approach. We find no reversible error in the trial court's ruling in connection with the comparable golf course sales issue.

■ In this type of proceeding in the district court, the taxpayer has the burden of proof to show, by a preponderance of the evidence, that the assessor's valuations are incorrect (or that the BOE's valuations are incorrect if, as here, the BOE has adjusted the valuations). *See Arapahoe Partnership v. Board of County Commissioners*, 813 P.2d 766 (Colo.App.1990); *C.A. Staack Partnership v. Board of County Commissioners*, 802 P.2d 1191 (Colo.App. 1990); *see also* §§ 39–8–108(1) & (5)(a), C.R.S. (1991 Cum.Supp.). Thereafter, on appeal, review by this court is based on the findings of the trial court, which, if supported by the record, will not be disturbed. *Arapahoe Partnership v. Board of County Commissioners, supra.*

Pursuant to § 39–1–103(5)(a), C.R.S. (1991 Cum.Supp.), the assessor is required to determine the actual value of real property by "appropriate consideration of the cost approach, the market approach, and the income approach to appraisal," and the statute further requires the assessor to "document all elements of such approaches that are applicable prior to a determination of actual value."

■ Thus, if an approach to value is applicable, it must be given appropriate consideration by the assessor and the assessor must document that consideration. *See Transamerican Realty Corp. v. Clifton*, 817 P.2d 1049 (Colo.App.1991); *Creekside at DTC, Ltd. v. Board of Assessment Appeals*, 811 P.2d 435 (Colo.App.1991). Moreover, in any subsequent *de novo* appeal proceedings, the trier of fact, in this case the trial court, must also give "appropriate consideration" to the evidence concerning any applicable approaches to value presented before it. *See Board of Assess-*

*ment Appeals v. E.E. Sonnenberg & Sons, Inc.,* 797 P.2d 27 (Colo.1990); *Creekside at DTC, Ltd. v. Board of Assessment Appeals, supra.*

Here, taxpayer presented evidence concerning the valuation of the raw land component of its property both by means of comparable sales of vacant land and by means of determining a land value component from comparable sales of golf courses. In contrast, the BOE's evidence showed that the assessor valued the raw land component of taxpayer's property solely by means of comparable sales of vacant land; no documentation of any consideration of land values derived from comparable sales of golf courses by the assessor was presented by the BOE to the trial court.

■ However, even if the assessor improperly failed to consider fully and document the market approach by failing to derive a value for taxpayer's land from comparable sales of golf courses, a question we need not and do not decide, we find no reversible error here. Rather, because we conclude that the trial court gave "appropriate consideration" to the land values derived from the comparable sales of golf courses, any impropriety in the assessor's failure to do so would be harmless error.

Here, taxpayer's expert presented land values derived from comparable sales of two golf courses in a neighboring county to compute a value for taxpayer's land. Contrary to taxpayer's argument, the trial court did not "disregard" this evidence. Rather, the trial court expressly considered it, but gave it little weight because of the differences between taxpayer's golf course and the other two "comparable" golf courses. We also note that even taxpayer's expert relied primarily on the data from comparable sales of *vacant* land in valuing taxpayer's land here, rather than on the data from the comparable sales of the other golf courses.

■ Since the evaluation of the credibility of the witnesses and the weight to be given to the evidence are matters solely within the fact finding province of the trial court, the trial court's determination of the

appropriate degree of consideration to be given to the comparable golf course sales data will not be disturbed on review. *See Arapahoe Partnership v. Board of County Commissioners, supra.*

■ Thus, notwithstanding any impropriety in the assessor's failure to consider and document the comparable golf course sales data here, we find no reversible error in the trial court's ruling on this issue. In upholding the BOE's valuations, the trial court did *not* concur with the assessor's failure to consider the comparable golf course sales data, but instead gave "appropriate consideration" to taxpayer's evidence relative to this data. Under these circumstances, a remand for further consideration would be pointless, and the trial court's ruling must be sustained. *See* C.R.C.P. 61; *cf. Board of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc., supra* (reversing Board's order and remanding for the Board to give appropriate consideration to market approach evidence, where the Board had adopted assessor's valuation, including assessor's failure to consider market approach data).

## II.

Taxpayer next contends that the trial court erred in upholding the BOE's valuations because taxpayer asserts that the comparable sales of vacant land relied on by the assessor and the trial court were inappropriate. We are not persuaded.

■ Contrary to taxpayer's argument, the degree of comparability of the vacant land sales relied on by the assessor and the trial court in valuing the land component of taxpayer's property went to the weight to be given this evidence, not its admissibility. *See Creekside at DTC, Ltd. v. Board of Assessment Appeals, supra.* We also note that these comparable vacant land sales were admitted into evidence before the trial court without objection by taxpayer.

■ Moreover, the determination of the weight to be given to these comparable vacant land sales was solely within the fact finding province of the trial court. *See*

*Board of Assessment Appeals v. Colorado Arlberg Club,* 762 P.2d 146 (Colo.1988). Thus, the trial court's finding that the BOE's valuations were supported by competent evidence has ample support in the record, and this finding therefore will not be disturbed on review. *See Arapahoe Partnership v. Board of County Commissioners, supra.*

### III.

Taxpayer also contends that the trial court erred in not reducing the BOE's 1989 valuation of taxpayer's land to the level of the BOE's 1990 valuation of the same property. We agree.

Pursuant to § 39-1-104(10.2), C.R.S. (1991 Cum.Supp.), the same level of value is applicable to both the 1989 and 1990 tax years, to be determined with reference to the same applicable base period. Thus, absent certain statutory exceptions that are not applicable here, the valuations of taxpayer's land for both the 1989 and 1990 tax years should be the same. *See* § 39-1-104(10.2); *24, Inc. v. Board of Equalization,* 800 P.2d 1366 (Colo.App.1990). We also note that both taxpayer and the BOE agree that the valuations of taxpayer's land for both of these tax years should be the same.

Here, in determining the appropriate valuation of taxpayer's land for the 1990 tax year, the BOE made substantial adjustments to the assessor's valuation figures for that tax year, which were the same valuation figures the BOE had previously adopted for the 1989 tax year. In effect, the BOE made substantial reductions in its own previous valuation figures in reaching what it determined to be the correct level of value for taxpayer's land for the 1990 tax year. Thus, the BOE has essentially determined that the correct level of value for taxpayer's land for both tax years of the same reassessment cycle at issue here is the valuation it ordered for the 1990 tax year. Under these circumstances, we conclude that the BOE's 1989 valuation of taxpayer's land must be reduced to the same level as the BOE's 1990 valuation of the same property. *See* § 39-1-104(10.2); *24, Inc. v. Board of Equalization, supra.*

Accordingly, the judgment of the trial court is reversed to the extent that it upheld the BOE's 1989 valuation of taxpayer's land, and the cause is remanded to the trial court with directions to reduce that valuation to the same level as the BOE's 1990 valuation of taxpayer's land. In all other respects, the trial court's judgment is affirmed.

PIERCE and HUME, JJ., concur.