**HUERFANO COUNTY BOARD OF COUNTY COMMISSIONERS,**
Petitioner–Appellant,

v.

**ATLANTIC RICHFIELD COMPANY,**
Intervenor–Appellee,

and

**Colorado Board of Assessment Appeals, Appellee.**

No. 98CA1065

Colorado Court of Appeals,
Div. I.

March 18, 1999.

Garrett Sheldon, Walsenburg, Colorado, for Petitioner–Appellant.

Holland & Hart, LLP, Alan Poe, Greenwood Village, Colorado, for Intervenor–Appellee.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Larry A. Williams, First Assistant Attorney General, Denver, Colorado, for Appellee.

Opinion by Judge CASEBOLT.

In this property tax case, the Board of County Commissioners of Huerfano County (BOCC) appeals an order of the Board of Assessment Appeals (BAA) dismissing its administrative appeal. In that appeal, the BOCC had sought to challenge a ruling by the property tax administrator (PTA) that partially granted an abatement/refund petition filed by Atlantic Richfield Company (taxpayer). The BAA ruled that the BOCC lacked standing to challenge the PTA's action in these proceedings. We affirm.

Taxpayer owns and operates a carbon dioxide transportation pipeline that originates in Huerfano County. Before 1996, the pipeline was classified by the PTA as an operating property and plant of a public utility. In 1996, taxpayer appealed the assessment, contending that this classification was incorrect or, alternatively, that the assessment amounts were incorrect.

On December 20, 1996, taxpayer also filed a petition with the BOCC seeking an abatement or refund of property taxes for such property for the 1994 and 1995 tax years. The Huerfano County Assessor recommended approval of the abatement petitions on a conditional basis, noting that the pipeline was a state-assessed property, and that only the PTA had the original filings and basis for assigning value. In February 1997, the BOCC "approved" the abatement/refund petition "on a conditional basis" and forwarded it to the PTA for review and action, essentially deferring the matter to the PTA.

Taxpayer's appeal of the assessment was settled in June of 1997 as part of an overall agreement with the PTA with respect to the

appropriate method of assessing the property. As part of that agreement, the PTA partially approved the abatement/refund petition, granting taxpayer substantial tax relief based on a significant reduction in the valuation assigned to the subject property.

The BOCC thereafter sought to appeal the PTA's decision concerning abatement and refund of the 1994 and 1995 taxes to the BAA. Taxpayer was allowed to intervene and file a motion to dismiss. Following a hearing, the BAA dismissed the BOCC's administrative appeal. It ruled that under the applicable statutory scheme, "county boards lack standing" in abatement and refund proceedings to appeal the PTA's approval of such petitions. This appeal followed.

## I.

The BOCC contends that the BAA erred in determining that it did not have standing to appeal the PTA's approval of the abatement petition. Because there is no statutory authorization for such an appeal to be taken by the BOCC in abatement and refund proceedings, we conclude that the BAA properly dismissed the BOCC's administrative appeal.

The statutory scheme governing the abatement and refund procedure is set forth in §§ 39–1–113, 39–2–116, 39–10–114, and 39–10–114.5, C.R.S.1998. Under these provisions, only limited authorization is granted for appeals to the BAA concerning actions of the PTA.

Specifically, § 39–10–114.5(1) provides that "the petitioner" may appeal to the BAA if the BOCC or the PTA "denies" the petition for an abatement or refund of taxes "in whole or in part." Similarly, if the BOCC has submitted an abatement/refund petition to the PTA and the PTA thereafter partially approves and partially disapproves the petition, § 39–2–116 provides that "the disapproved portion" may be appealed to the BAA.

■ As noted by the BAA, the term "petitioner" as used in § 39–10–114.5(1) refers only to the taxpayer as the party filing the abatement/refund petition, not to the BOCC. *See Tenney v. Board of Assessment Appeals,* 856 P.2d 89 (Colo.App.1993); *Adams County Board of County Commissioners v. Union Pacific R.R. Co.,* 34 Colo.App. 156, 525 P.2d 1202 (1974). Thus, under the abatement and refund scheme, only taxpayers are authorized to appeal actions of the PTA to the BAA, and then only to the extent that the abatement/refund petition has been denied.

Here, the *BOCC* attempted to appeal the PTA's action partially *approving* taxpayer's abatement/refund petition. Because there is no statutory authorization for the BOCC to appeal that action under the abatement and refund scheme, the BAA properly dismissed the appeal for lack of standing by the BOCC. *See* §§ 39–2–116 & 39–10–114.5(1); *Maurer v. Young Life,* 779 P.2d 1317 (Colo.1989) (PTA lacked authority to appeal BAA's ruling concerning certain tax years under applicable statutory scheme); *Adams · County Board of County Commissioners v. Union Pacific R.R. Co., supra* (BOCC lacked authority to appeal BAA's ruling under applicable statutory scheme).

## II.

■ Next, contrary to the BOCC's further argument, the fact that it initially approved taxpayer's abatement/refund petition only "conditionally" has no effect on the BOCC's procedural rights in this matter.

The record does not reveal that the BOCC reserved or attempted to reserve any rights for later appeal in making its approval "conditional." Indeed, there is no legal basis for such an action under the abatement and refund scheme. Rather, by approving taxpayer's petition, "conditionally" or otherwise, and submitting it to the PTA for further action, the BOCC's procedural rights as a party ended under the statutory scheme governing abatement and refund proceedings. *See* §§ 39–1–113(3), 39–2–116, & 39–10–114.5(1), C.R.S.1998.

## III.

The BOCC's reliance on § 39–4–108(8), C.R.S.1998, as providing the statutory authorization required for it to appeal in this matter is misplaced.

Section 39–4–108, C.R.S.1998, is part of the procedural scheme concerning the initial as-

sessment of public utility property. Under that statute, certain property tax disputes involving state-assessed public utility property may be adjudicated for protests filed with the PTA either by a taxpayer or by the BOCC. Under this procedure, any party, including the BOCC, who is "adversely affected" by the PTA's decision may bring an appeal before the BAA. *See* § 39–4–108(8).

■ However, the abatement and refund procedure and the protest and adjustment procedure are separate and independent procedural systems for the adjudication of property tax disputes and are governed by different statutes. *See, e.g., Wyler/Pebble Creek Ranch v. Colorado Board of Assessment Appeals*, 883 P.2d 597 (Colo.App.1994).

Here, contrary to the BOCC's argument, the record shows that the underlying administrative proceeding from which the BOCC seeks to appeal took place solely under the abatement and refund scheme, and not under the entirely separate procedural system set forth in § 39–4–108. Consequently, § 39–4–108 cannot provide any basis for authorizing the BOCC's administrative appeal to the BAA in this matter.

### IV.

■ We also reject the BOCC's related argument that the abatement and refund scheme is inapplicable to state-assessed public utility property and that § 39–4–108 provides the exclusive method for adjudicating property tax disputes involving such property.

We perceive no basis in either statutory scheme for this contention. *See* 2 *Assessors Reference Library* § XI at 11.9 (revised 12–97) (provision of PTA's reference manuals stating that "the abatement process for a state assessed company is similar to that for any other taxpayer"); *State Board of Equalization v. American Airlines, Inc.*, 773 P.2d 1033 (Colo.1989), *cert. denied sub nom. United Air Lines, Inc. v. Board of Assessment Appeals*, 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989) (determining merits of property tax dispute involving state-assessed public utility property arising under abatement and refund scheme, notwithstand-

ing separate proceedings conducted earlier under § 39–4–108 scheme); *cf.* § 39–4–103(1.5)(c), C.R.S.1998 (setting forth limited circumstances under which taxpayer waives right to file abatement/refund petition for state-assessed public utility property).

### V.

■ Finally, like the BAA, we note that the BOCC was not deprived of the opportunity to participate in the adjudication of the property tax dispute by its lack of appellate rights in the later stages of the abatement and refund proceedings. Rather, such opportunity came at the first stage of the abatement and refund proceedings, when it could have denied the petition, in whole or in part, subject to *taxpayer's* right to appeal that decision to the BAA. *See* §§ 39–2–125(1)(f) & 39–10–114.5(1), C.R.S.1998.

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

The order is affirmed.

Judge METZGER and Judge TAUBMAN concur.