**STEAMBOAT SPRINGS RENTAL & LEASING, INC., d/b/a Advantage Rent–A–Car, Plaintiff–Appellant,**

v.

**CITY AND COUNTY OF DENVER; Cheryl Cohen, Manager of Revenue, Department of Revenue, City and County of Denver; Department of Revenue, City and County of Denver; and Frederick C. Fisher, Executive Director of the Colorado Department of Revenue, Defendants–Appellees.**

No. 99CA1838.

Colorado Court of Appeals, Div. V.

Oct. 12, 2000.

Rehearing Denied Nov. 9, 2000.

Certiorari Denied April 30, 2001.

Kuhlman & Kuhlman, P.C., Kenton H. Kuhlman, Larry D. Harvey, P.C., Larry D. Harvey, Englewood, Colorado, for Plaintiff–Appellant.

J. Wallace Wortham, Jr., Denver City Attorney, Robert F. Strenski, Assistant City Attorney, Denver, Colorado, for Defendants–Appellees City and County of Denver; Cheryl Cohen, Manager of Revenue, Department of Revenue, City and County of Denver; Department of Revenue, City and County of Denver.

No Appearance for Defendant–Appellee Frederick C. Fisher, Executive Director of the Colorado Department of Revenue.

Opinion by Judge ROY.

Plaintiff, Steamboat Springs Rental & Leasing, Inc., d/b/a Advantage Rent–A–Car (Steamboat), appeals the trial court's order finding in favor of defendants, the City and County of Denver, Cheryl Cohen, Manager of Revenue, Department of Revenue, City and County of Denver; The Department of Revenue, City and County of Denver; and Frederick C. Fisher, the Executive Director of the Colorado Department of Revenue, (collectively Denver) and dismissing Steamboat's appeal. We affirm.

Steamboat is a car rental company that rents cars subject to a rental agreement. The rental agreement requires that the customer pay Steamboat based on the term of the rental agreement, the mileage driven, taxes, parking fines, late charges, and other miscellaneous costs. Customers are also responsible for the cost of repairing a damaged vehicle absent a loss damage waiver in the rental agreement. All these terms are customary in car rental agreements.

Steamboat collects sales taxes for its operations at Denver International Airport that are remitted to Denver. After an audit, Denver issued a sales tax assessment to Steamboat for October 1, 1994, to July 31, 1996, assessing a sales tax on monies paid for damages to the vehicles together with penalty and interest in the amount of $55,043 and a specific ownership tax of $13,907, all of which Steamboat protested. A hearing officer conducted a hearing on the validity of the assessment and affirmed it on June 7, 1998.

Steamboat then filed a timely appeal to the district court and subsequently paid the assessment in full, with interest and penalties. The district court action was dismissed without prejudice on the stipulation of the parties. *See* C.R.C.P. 41.

On December 1, 1998, Steamboat filed an application with the Manager of Revenue for a refund of the taxes, penalties, and interest it had paid pursuant to statute. On January 25, 1999, the Manager of Revenue denied Steamboat's claim by letter, stating that the assessment became final when the district court action was dismissed. The Manager of Revenue further concluded that § 29–2–106.1, C.R.S.2000, does not authorize multiple challenges.

The Manager of Revenue's letter advised Steamboat that if it wished to contest the facts concerning the dismissal of the district court complaint, it could file a motion with the hearing officer from the original proceedings and, absent that, the matter would be considered closed. No request for a hearing was made.

Section 29–2–106.1 governs the collection of delinquent sales and use taxes by local governments. The statute recognizes the availability of two challenges to a taxpayer, the first is to challenge the assessment and the second is to pay the tax and request a refund. In this instance, Steamboat paid the tax and then applied for a refund.

In a contemporaneous proceeding involving a different audit Steamboat successfully challenged the assessment of sales taxes on the cost of repair of damaged vehicles reimbursed by customers in accordance with the rental agreements and specific ownership taxes. *Steamboat Springs Rental & Leasing, Inc. v. City & County of Denver*, 15 P.3d 785 (Colo.App.2000). In that proceeding, Denver abandoned its claim to a specific ownership tax, but it has not done so in this proceeding.

Here, Steamboat fully litigated its tax liability before a hearing officer who entered findings of fact and conclusions of law and denied Steamboat's challenge to the assessment. Steamboat appealed that determination to the district court, but stipulated to the dismissal of that appeal. Consequently, the decision of the hearing officer became final on the issue of the taxability of the repair proceeds and the imposition of the specific ownership tax.

█ While the remedies may differ, the issues to be litigated with respect to the refund are, as Steamboat concedes, identical to those raised in its challenge to the assessment. Indeed, Steamboat argues that by participating in the hearings in the prior proceedings, it exhausted its administrative remedies with respect to these proceedings.

█ *Res judicata* operates as a bar to a second proceeding on a claim that was fully

litigated in a prior proceeding when there is a final judgment and identity of subject matter, claims for relief, and parties to the action. *Res judicata* not only bars issues actually decided, but also any issues that should have been raised in the first proceeding, but were not. *City & County of Denver v. Block 173 Associates*, 814 P.2d 824 (Colo.1991).

 *Res judicata* applies to administrative proceedings. In *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974), our supreme court held that *res judicata* barred a second proceeding before the Colorado Civil Rights Commission on a teacher's claims of religious discrimination when that claim had been fully heard by a Teacher Tenure Panel in the dismissal proceedings. The court stated:

> Because Umberfield had a full adversary hearing before the Teacher Tenure Panel which had the power to determine all his claims of religious discrimination, we hold that the doctrine of *res judicata* operates as a bar to the relitigation of issues which Umberfield raised or could have raised in the hearing before that panel and on judicial review.... To hold otherwise could result in an anomalous situation where the same reviewing court would be compelled to affirm opposite results of the two administrative bodies.... To avoid this judicial inconsistency, the doctrine of *res judicata* must be applied to the subsequently filed proceeding before the Civil Rights Commission.

*Umberfield v. School District, supra*, 185 Colo. at 173–74, 522 P.2d at 734; *see also Salida v. Morrison*, 732 P.2d 1160 (Colo. 1987); *Williams v. Industrial Claim Appeals Office*, 862 P.2d 1007 (Colo.App.1993).

Steamboat relies on *McBride v. State Department of Revenue*, 626 P.2d 760 (Colo. App.1981), which held that res judicata did not bar a new proceeding to revoke a driver's license when the prior proceedings were dismissed without prejudice, because of an improper affidavit from the complaining officer. However, *McBride* does not address the situation presented here, that is, the dismissal of

an appeal following a full and adversarial adjudication on the merits.

We conclude that the present proceeding is barred by the doctrine of *res judicata*. Having so concluded, we do not address Steamboat's remaining claims which relate to perceived procedural errors in the present proceeding.

Order affirmed.

Judge STERNBERG * and Judge PIERCE * concur.