**RED JUNCTION, LLC, Petitioner–Appellant,**

v.

**MESA COUNTY BOARD OF COUNTY COMMISSIONERS, Respondent–Appellee,**

**and**

**Board of Assessment Appeals for the State of Colorado, Appellee.**

No. 06CA0864.

Colorado Court of Appeals, Div. VI.

Sept. 20, 2007.

Hoskin, Farina & Kampf, P.C., Michael J. Russell, John T. Howe, Grand Junction, Colorado, for Petitioner–Appellant.

Maurice Lyle Dechant, County Attorney, Valerie Jo Robison, Assistant County Attorney, Grand Junction, Colorado, for Respondent–Appellee.

John W. Suthers, Attorney General, Lisa Brenner Freimann, Assistant Attorney General, Denver, Colorado, for Appellee.

Opinion by Judge LOEB.

In this property tax case, petitioner, Red Junction, LLC (taxpayer), appeals from a final order of the Board of Assessment Appeals (BAA). The BAA dismissed taxpayer's administrative appeal challenging the denial by respondent, the Mesa County Board of County Commissioners (BOCC), of a second set of petitions seeking an abatement or refund of property taxes on taxpayer's property for the 2003 tax year. We affirm the BAA's order.

At issue in this appeal is whether, under the applicable property tax scheme, a second abatement-refund petition challenging a property tax assessment is permissible for the same property for the same tax year. We agree with the BAA and the BOCC that principles of res judicata or claim preclusion bar subsequent abatement-refund petitions for the same property for the same tax year.

### I. Factual Background

The relevant facts are not in dispute. The subject property, a golf course in Grand Junction, was valued by the assessor in a group of schedule numbers at a total of just over $6 million for the 2003 and 2004 tax years. Because these tax years are part of the same biennial reassessment cycle involving the same valuation base period, the valuation of the subject property generally should be the same for both tax years, absent certain statutory exceptions not applicable here. *See* § 39–1–104(10.2), C.R.S.2006.

The protest and adjustment procedure and the abatement and refund procedure are separate and independent procedural schemes for the adjudication of property tax disputes and are governed by different statutes. *Huerfano County Bd. of County Comm'rs v. Atl. Richfield Co.*, 976 P.2d 893, 896 (Colo.App.1999).

Here, taxpayer obtained successive valuation reductions regarding the subject proper-

ty for the 2004 tax year at different stages of the protest and adjustment procedure. After each of these valuation reductions, taxpayer filed a separate set of abatement-refund petitions for the 2003 tax year, each set based on the 2004 tax year valuation reduction obtained to that point under the protest and adjustment scheme. This appeal concerns the propriety of the second set of abatement-refund petitions for the 2003 tax year.

Specifically, as to the 2004 tax year, the Mesa County Board of Equalization (BOE) reduced the valuation of the subject property to approximately $4.1 million on taxpayer's appeal under the protest and adjustment scheme. Still dissatisfied, taxpayer appealed the BOE's 2004 tax year valuation to the BAA, seeking a further valuation reduction. See § 39–8–108(1), C.R.S.2006.

While the appeal to the BAA was pending, taxpayer also filed the first set of abatement-refund petitions for the 2003 tax year with the BOCC, seeking to reduce the 2003 valuation of the subject property to approximately $4.1 million based on the BOE's 2004 tax year valuation reduction. Taxpayer had not previously challenged the 2003 tax year valuation under the protest and adjustment procedure.

On March 23, 2005, the BOCC approved these 2003 tax year abatement-refund petitions. Because the amount of tax relief so authorized was more than $1000 for each schedule number in this group of petitions, action was also required by the Property Tax Administrator (PTA), who gave final approval to the tax relief sought in these abatement-refund petitions on April 20, 2005. See §§ 39–1–113(3), 39–2–116, C.R.S.2006.

On May 5, 2005, the BAA further reduced the 2004 tax year valuation of the subject property in the protest and adjustment proceedings to just under $3 million. This valuation was not further appealed. Taxpayer then filed the second set of abatement-refund petitions for the 2003 tax year with the BOCC, seeking to further reduce the 2003 valuation of the subject property to just under $3 million based on the BAA's 2004 tax year valuation reduction.

The BOCC denied the second set of 2003 tax year abatement-refund petitions based on res judicata, and taxpayer appealed the denial of these petitions to the BAA. See §§ 39–2–125(1)(f), 39–10–114.5(1), C.R.S.2006. The BOCC moved to dismiss, asserting that taxpayer had already exhausted its remedies under the abatement and refund procedure for the 2003 tax year based on the first set of abatement-refund petitions.

Following a hearing on the BOCC's motion, the BAA dismissed taxpayer's appeal regarding the second set of abatement-refund petitions for the 2003 tax year. The BAA first ruled that there was no statutory authority for a taxpayer to file two separate abatement-refund petitions for the same real property for the same tax year. The BAA further ruled that the requirements for res judicata or claim preclusion were satisfied under the circumstances here, and that taxpayer's claims in the second set of abatement-refund petitions were precluded by the final resolution of the first set of abatement-refund petitions. This appeal followed.

## II. Legal Analysis

Taxpayer contends that the BAA erred in dismissing its administrative appeal under these circumstances. We perceive no error in the BAA's ruling that res judicata or claim preclusion principles barred taxpayer's claims in the second set of abatement-refund petitions concerning the valuation of the subject property for the 2003 tax year.

### A. Statutory Issues

In our view, the statutory provisions governing the abatement and refund procedure do not address the issue as to whether multiple abatement-refund petitions are permissible regarding the same property for the same tax year.

Section 39–10–114(1)(a)(I)(A), C.R.S.2006, provides for an abatement or refund of property taxes to be made if "a petition for abatement or refund is filed within two years after January 1 of the year following the year in which the taxes were levied," and the taxes have been levied "erroneously or illegally, whether due to erroneous valuation for assessment, irregularity in levying, clerical

error, or overvaluation." *See also* § 39–10–114(1)(a)(I)(D), C.R.S.2006 (generally prohibiting an abatement or refund of property taxes "based upon the ground of overvaluation" if valuation had previously been challenged under the protest and adjustment procedure).

As we read the language of the pertinent statutory provisions, there is nothing in the statutory scheme governing the abatement and refund procedure either authorizing or prohibiting multiple abatement-refund petitions challenging the valuation placed on the same property for the same tax year under the circumstances in this case. *See* §§ 39–1–113, 39–2–116, 39–10–114, C.R.S.2006.

Thus, we agree with the BAA that resolution of the legal question presented here turns on res judicata or claim preclusion principles.

### B. Res Judicata or Claim Preclusion Issues

Next, we reject taxpayer's challenges to the BAA's ruling that its claims in the second set of abatement-refund petitions were barred by res judicata or claim preclusion principles under the circumstances here.

Although developed in the context of judicial proceedings, res judicata or claim preclusion principles may be applied to administrative proceedings as well, including tax matters. *See Holnam, Inc. v. Indus. Claim Appeals Office,* 159 P.3d 795, 797 (Colo.App. 2006) (applying claim preclusion in workers' compensation case); *Steamboat Springs Rental & Leasing, Inc. v. City & County of Denver,* 22 P.3d 543, 545 (Colo.App.2000) (applying res judicata in sales and specific ownership tax case); Restatement (Second) of Judgments § 83(1) (1982); *see also Von Hagen v. Bd. of Equalization,* 948 P.2d 92, 95 (Colo.App.1997) (applying collateral estoppel principles to bar relitigation of certain issue in property tax case).

■ Where applicable, res judicata or claim preclusion operates to bar litigation not only of matters actually decided in the earlier proceedings, but also of matters that could have been raised in the earlier proceedings, but were not. *Holnam, Inc.,* 159 P.3d at 798;

*Steamboat Springs Rental & Leasing, Inc.,* 22 P.3d at 545.

■ For a claim in a second proceeding to be precluded by a previous judgment, there must exist (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity of or privity between parties to the actions. *Holnam, Inc.,* 159 P.3d at 798; *Gavrilis v. Gavrilis,* 116 P.3d 1272, 1273 (Colo.App.2005).

■ Like the BAA, we conclude that these requirements were satisfied under the circumstances here, and that the final adjudication of taxpayer's claims in the first set of abatement-refund petitions precluded its further claims in the second set of abatement-refund petitions regarding the valuation placed on the subject property for the 2003 tax year. In this regard, we first note that it is undisputed that the parties to the two sets of abatement-refund actions are identical.

Contrary to taxpayer's argument, its first abatement-refund action regarding the 2003 tax year was litigated in quasi-judicial proceedings that culminated in a final adjudication of its claims for that tax year.

Under the applicable statutory scheme, the BOCC was required to provide notice and a hearing before determining taxpayer's abatement-refund claims. *See* § 39–1–113(1), (5), C.R.S.2006; 2 *Assessors Reference Library* § V, at 5.18 (rev.Jan.2007); *see also Isbill Assocs., Inc. v. Jefferson County Bd. of County Comm'rs,* 894 P.2d 52, 54 (Colo.App.1995)(although BOCC hearing is statutorily required in abatement-refund proceedings, a taxpayer is not required to attend the county level hearing). The record here shows that this procedure was followed, and the adjudication of taxpayer's claims in the first abatement-refund action regarding the 2003 tax year became final upon the PTA's action approving the tax relief then sought by taxpayer on April 20, 2005.

Contrary to taxpayer's further argument, we also conclude that the same subject matter and the same claim for relief were involved in both sets of abatement-refund actions regarding the 2003 tax year.

Here, in both sets of abatement-refund actions, taxpayer sought to reduce the valuation placed on the subject property for the 2003 tax year, based on the results of its efforts to reduce the valuation placed on the subject property for the 2004 tax year under the protest and adjustment procedure.

Taxpayer correctly asserts that it was not seeking the same valuation reduction and corresponding tax relief in both sets of abatement-refund actions, because the second set of abatement-refund petitions was based on the further 2004 valuation reduction obtained on appeal from the BOE to the BAA. Nevertheless, we agree with the BAA that taxpayer could have resolved all issues concerning the 2003 valuation in the first set of abatement-refund petitions by setting forth both the BOE's reduction of the value to approximately $4.1 million and taxpayer's contemporaneous efforts to further reduce the 2004 valuation on appeal from the BOE to the BAA. If taxpayer had done this, the BOCC could have partially granted a 2003 reduction to the level established by the BOE for 2004, and taxpayer could then have properly appealed the partial denial of any further valuation reduction to the BAA. In that event, the BAA could then have consolidated the 2004 protest-adjustment appeal and the 2003 abatement-refund appeal to provide taxpayer the full relief sought for both tax years. *See* §§ 39–2–125(1)(f), 39–10–114.5(1).

In our view, taxpayer had only a single action under the abatement-refund procedure for a reduction in the valuation placed on the subject property for the 2003 tax year. By pursuing two sets of abatement-refund petitions seeking this relief at different times, with the second set differing from the first only in that taxpayer sought a further valuation reduction, taxpayer impermissibly attempted to split a single abatement-refund claim into two separate abatement-refund actions. *See* § 39–10–114; 2 *Assessors Reference Library* § V, at 5.12 (rev.Jan.2007) (under abatement-refund procedure, taxpayer has opportunity to challenge the validity of an assessment as established by county assessor); Restatement (Second) of Judgments §§ 24, 25 cmt. c (1982)(attempts to recover increased damages in second action are precluded); *see also Cherne v. Bd. of Equaliza-*

*tion,* 885 P.2d 258, 259 (Colo.App.1994)(under protest and adjustment scheme, a party may seek review at each level only as to the total valuation for assessment, and not as to the component parts of that total); *cf. In Stitches, Inc. v. Denver County Bd. of County Comm'rs,* 62 P.3d 1080, 1081–82 (Colo. App.2002) (property tax scheme authorizes retroactive assessments by assessors against "omitted property," but not against omitted value of previously undervalued property).

Like the judicial system, the BAA and the property tax system as a whole have an interest in judicial economy and finality of decisions, which favors precluding a second abatement-refund action on matters, as in this case, that could have been raised in the first abatement-refund action, but were not. In our view, on this record, the BAA properly ruled that taxpayer's second abatement-refund action challenging the 2003 tax year valuation of the subject property was barred under principles of res judicata or claim preclusion. *See* §§ 24–4–106(7), (11)(e), 39–10–114.5(2), C.R.S.2006; *Holnam, Inc.,* 159 P.3d at 798–99; *Steamboat Springs Rental & Leasing, Inc.,* 22 P.3d at 545.

Finally, we also agree with the BAA that taxpayer's reliance on *Boulder Country Club v. Boulder County Board of Commissioners,* 97 P.3d 119 (Colo.App.2003), and *Cherry Hills Country Club v. Board of County Commissioners,* 832 P.2d 1105 (Colo.App.1992), is misplaced.

Under an appropriate procedural posture in each of those cases, divisions of this court held that the valuations of the subject properties for both tax years in the applicable reassessment cycles must be the same. *Boulder Country Club,* 97 P.3d at 120; *Cherry Hills Country Club,* 832 P.2d at 1109. However, neither of those cases involved a second abatement-refund action challenging the valuation placed on the subject property on such grounds, and neither of those cases addressed the propriety of such an action.

The BAA's order is affirmed.

Judge WEBB and Judge RUSSEL concur.