v.

The PEOPLE of the State of Colorado,
Respondent–Appellee.

No. 10CA0232.

Colorado Court of Appeals,
Div. III.

Nov. 10, 2011.

McCormick & Kennedy, P.C., G. Paul McCormick, Boulder, Colorado, for Petitioner–Appellant.

Don Quick, District Attorney, Michael J. Milne, Senior Deputy District Attorney, Brighton, Colorado, for Respondent–Appellee.

Opinion by Judge WEBB.

No Colorado appellate court has addressed whether claim preclusion, formerly termed res judicata, bars a second action under section 24–72–308, C.R.S.2011, seeking to seal the same arrest and criminal records that had been the subject of an earlier action by the same petitioner. We agree with the district court that such successive actions are barred. Therefore, we reject F.M.'s appeal from the order dismissing his second action to seal the same criminal records.

I.  Undisputed Facts

In the underlying criminal case, F.M. was charged with four counts of felony menacing after he mailed an envelope to his supervisor containing flour. When it spilled out, a co-worker called the police, who summoned a hazmat team. F.M. was acquitted.

In 2006, F.M. brought the prior action to seal the arrest and criminal records concerning these charges, based on his acquittal. The prosecution objected. Applying the statutory balancing test, the district court held that the public interest outweighed F.M.'s privacy interest, declined to seal the records, and dismissed the action. F.M. did not appeal.

In 2009, F.M. commenced this action, again based on his acquittal. The prosecution objected, arguing, as relevant here, that claim preclusion barred the action because

section 24–72–308 does not allow successive petitions. F.M. responded that the statute does not prohibit such petitions. Noting the lack of controlling authority, the district court applied general claim preclusion principles and held the action barred because F.M.'s claim had been litigated in the prior action and a final judgment resulted.

## II. Analysis

We reject F.M.'s contention that the district court erred in holding this action barred by claim preclusion.

### A. Standard of Review

■ Because the relevant facts are undisputed, application of claim preclusion is a question of law that we review de novo. *See, e.g., Camp Bird Colo., Inc. v. Bd. of Cnty. Comm'rs,* 215 P.3d 1277, 1281 (Colo.App. 2009). We also review issues of statutory interpretation de novo. *See, e.g., Apodaca v. Allstate Ins. Co.,* 255 P.3d 1099, 1102 (Colo. 2011).

### B. Statutory Interpretation

Because F.M. was acquitted of the underlying charges, he could seek to seal related arrest and criminal records. § 24–72–308(1)(a)(I), C.R.S.2011. The district court may do so if it finds that either harm to the petitioner's privacy or the danger of unwarranted adverse consequences to the petitioner outweighs the public interest in leaving the records unsealed. § 24–72–308(1)(c), C.R.S.2011.

Section 24–72–308 is comprehensive and the statutory remedies are exclusive for those persons whose records come within its purview. *People v. Wright,* 43 Colo.App. 30, 31, 598 P.2d 157, 158 (1979); *see also* § 24–72–301(1), C.R.S.2011 (legislative declaration). The statute provides a "procedural claim for relief" whereby an eligible person may seek a remedy for adverse consequences of an arrest and a criminal proceeding. *See People v. D.K.B.,* 843 P.2d 1326, 1331 (Colo. 1993). However, it does not address whether successive actions are permissible by the same petitioner concerning the same records.

An analogous situation arose in *Red Junction, LLC v. Mesa County Board of County Commissioners,* 174 P.3d 841 (Colo.App. 2007). There, successive abatement-refund petitions were filed challenging tax valuations on the same property for the same tax year. The statutory scheme governing the abatement and refund procedure neither authorized nor prohibited successive petitions. The division held that whether such petitions could be filed turned on general claim preclusion principles. *Red Junction,* 174 P.3d at 843–44.

Here, because the applicable statute does not resolve whether successive sealing actions are permissible, we likewise conclude that general claim preclusion principles are controlling. *See id.; see also Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.,* 109 P.3d 604, 610–13 (Colo.2005) (absent any clear intent by General Assembly to abrogate the common law doctrine of claim preclusion in a statute, the statute does not provide an exception to the application of claim preclusion principles).

### C. Claim Preclusion

■ A claim in a second judicial proceeding is precluded by a previous judgment if four conditions exist: (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity of or privity between parties to the actions. *Argus Real Estate,* 109 P.3d at 608.

■ Claim preclusion protects litigants from the burden of relitigating an identical issue against the same party and promotes judicial economy by preventing needless litigation. *Id.* at 608, 611. It also preserves the integrity of the judicial system by confirming the finality of judgments. *Id.* This strong interest in finality has been recognized in the record sealing context. *See E.J.R. v. Dist. Ct.,* 892 P.2d 222, 225–26 (Colo.1995) (although final judgment granting sealing request under section 24–72–308 was erroneous, supreme court held that it was not void, thus barring relief under C.R.C.P. 60(b)(3)).

Here, F.M. does not dispute either that a final judgment was entered in the prior ac-

tion or that the parties to both actions are identical. Contrary to F.M.'s argument, the record shows that F.M. sought to seal the same records in both actions, and that in both actions he pursued the same "procedural claim for relief" authorized under section 24–72–308, invoking the statutory balancing test based on his acquittal. *See D.K.B.*, 843 P.2d at 1331. Thus, the subject matter and the claims for relief in both record sealing actions are also identical.

Therefore, we conclude that the requirements for claim preclusion were satisfied. Consequently, even if the final judgment in the first action was erroneous, finality interests preclude a subsequent action. Therefore, we further conclude that the second action was barred by claim preclusion. *See Argus Real Estate*, 109 P.3d at 608–10; *Red Junction*, 174 P.3d at 844–45; *E.J.R.*, 892 P.2d at 226.

### D. Other Arguments

We also reject F.M.'s remaining arguments against application of claim preclusion.

Another statutory scheme provides for the expungement of juvenile delinquency records. *See* § 19–1–306, C.R.S.2011. However, it does not inform us whether successive record sealing actions are permissible under section 24–72–308. The juvenile expungement scheme is separate from the record sealing scheme under section 24–72–308. *See C.B. v. People*, 122 P.3d 1065, 1066 (Colo. App.2005) (vacating order sealing juvenile delinquency records under section 24–72–308 and remanding for further proceedings under expungement provisions of section 19–1–306). Moreover, unlike section 24–72–308, the juvenile expungement scheme expressly addresses the permissibility of successive actions, providing that an expungement petition may be filed "only once during any twelve-month period." § 19–1–306(8), C.R.S.2011.

Although F.M. argues that policy considerations favor allowing successive record sealing actions, "[i]t is not up to the court to make policy or to weigh policy." *Town of Telluride v. Lot Thirty–Four Venture, L.L.C.*, 3 P.3d 30, 38 (Colo.2000). The General Assembly could have acknowledged such considerations by allowing successive actions

under section 24–72–308, as it has under section 19–1–306, but it has not done so. *See Shelter Mut. Ins. Co. v. Mid–Century Ins. Co.*, 246 P.3d 651, 655 (Colo.2011) ("the legislature clearly knew how to establish such a requirement had it desired to do so").

F.M.'s argument based on case law involving postconviction remedies in criminal cases also fails. Although a record sealing action under section 24–72–308 involves criminal records, it is a civil case. *D.K.B.*, 843 P.2d at 1329 n. 2. In contrast, claim preclusion generally does not apply to postconviction motions in criminal cases. *See People v. Tolbert*, 216 P.3d 1, 4 (Colo.App.2007).

### III. Conclusion

The order denying F.M.'s second record sealing petition is affirmed.

Judge ROY and Judge FOX concur.