The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
December 19, 2024

**2024COA127**

**No. 23CA1917, *People v. Prendergast* — Public Records —**

**Sealing of Criminal Conviction and Criminal Justice Records —**

**Records Ineligible for Sealing — Sentencing for Class 1, 2, or 3**

**Felony or Level 1 Drug Felony Pursuant to Title 18**

A division of the court of appeals concludes that section

24-72-706(2)(a)(VI)(J), C.R.S. 2024 — which prohibits the sealing of

records for convictions subject to "[s]entencing for an offense

classified as a class 1, 2, or 3 felony or a level 1 drug felony

pursuant to any section of title 18" — prohibits the sealing of

records of all class 1, 2, or 3 felonies, including those established by

statutes outside title 18, and all level 1 drug felonies under title 18.

The division therefore concludes that the defendant's class 3 felony

securities fraud convictions under section 11-51-501(1)(b)-(c), C.R.S. 2024, are not eligible for sealing.

The division also concludes that the defendant's class 3 felony theft conviction is not eligible for sealing, even though that offense was reclassified to a class 4 or 5 felony after the defendant's conviction became final.

Accordingly, the division affirms the district court's order denying the defendant's motion to seal his conviction records.

COLORADO COURT OF APPEALS    **2024COA127**

Court of Appeals No. 23CA1917
Arapahoe County District Court No. 00CR2218
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brian Victor Prendergast,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE GOMEZ
Dunn and Hawthorne*, JJ., concur

Announced December 19, 2024

Philip J. Weiser, Attorney General, Austin R. Johnson, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Brian Victor Prendergast, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Brian Victor Prendergast, appeals the district court's order denying his motion to seal his class 3 felony convictions for theft (located in title 18) and securities fraud (located in title 11).  As a matter of first impression, we conclude that section 24-72-706(2)(a)(VI)(J), C.R.S. 2024 (Subsection (J)) — which prohibits the sealing of records for convictions subject to "[s]entencing for an offense classified as a class 1, 2, or 3 felony or a level 1 drug felony pursuant to any section of title 18" — prohibits the sealing of records of all class 1, 2, or 3 felonies, including those established by statutes outside title 18, and all level 1 drug felonies under title 18.  We therefore conclude that Prendergast's class 3 felony securities fraud convictions are not eligible for sealing.  We also conclude that his class 3 felony theft conviction is not eligible for sealing, even though since the time of Prendergast's conviction that offense has been reclassified to a class 4 or 5 felony.  Accordingly, we affirm the district court's order.

## I.    Background

¶ 2    In 2000, Prendergast was charged with one count of theft of over $15,000, a class 3 felony at the time under section 18-4-401(1)(a), (2)(d), C.R.S. 1999, and eighteen counts of securities

fraud, a class 3 felony under sections 11-51-501(1)(b)-(c) and 11-51-603(1), C.R.S. 2024. The charges alleged that he stole about $85,000 from six investors in his start-up company, misappropriated company funds, and failed to disclose material information to investors. A jury convicted him on the theft count and twelve of the securities fraud counts, and the district court sentenced him to probation. A division of this court affirmed the convictions on direct appeal, *People v. Prendergast*, 87 P.3d 175 (Colo. App. 2003), and the mandate was issued in 2003.

¶ 3 After multiple probation violations, the district court revoked Prendergast's probation and sentenced him to a term in the Department of Corrections' custody. Prendergast completed his prison term and was released from parole in 2015.

¶ 4 In 2023, Prendergast filed the underlying motion to seal his criminal records in this case, using Judicial Department Form (JDF) 612, Motion to Seal Conviction Records (revised July 2023). He asserted that he "has served his sentence, [has] paid all his restitution and fines, and has a clean record since his release from [parole] in 2015 with no infractions for financial crimes or charges."

He also asserted that he'd been unable to obtain loans for his construction company due to his felony record.

¶ 5     The prosecution objected, and the district court denied the motion. The court concluded that, under section 24-72-706, class 3 felonies aren't eligible for sealing and, therefore, Prendergast's class 3 felony theft conviction can't be sealed. It further concluded that, because courts "cannot separate felonies within a case," the securities fraud convictions can't be sealed either.

## II.     The Sealing Statutes

¶ 6     Criminal record sealing is governed by sections 24-72-701 to -710, C.R.S. 2024. As relevant here, section 24-72-706 applies to the sealing of criminal conviction and criminal justice records. Section 706(1) establishes procedures and timelines for seeking to seal such records. Section 706(2)(a), which includes Subsection (J), then identifies those records that are ineligible for sealing. The provisions in section 706 "appl[y] retroactively to all eligible cases." § 24-72-706(3).

## III.     Interpretation of Subsection (J)

¶ 7     Prendergast contends that Subsection (J) doesn't preclude the sealing of his convictions for securities fraud because the statute

3

establishing that offense is located in title 11, and Subsection (J) applies only to class 3 felonies established by statutes in title 18. We disagree.[1]

### A. Standard of Review and Applicable Law

¶ 8 Statutory interpretation is a question of law that we review de novo. *Finney v. People*, 2014 CO 38, ¶ 12.

¶ 9 Our primary purpose in construing a statute is to effectuate the General Assembly's intent. *Id.* To determine that intent, we look first to the statute's plain language. *Id.* We read the statutory words and phrases in context; construe them using the rules of grammar and common usage; read the statutory scheme as a whole, giving consistent, harmonious, and sensible effect to each of its parts; and avoid constructions that would render any words or phrases superfluous or would lead to illogical or absurd results. *McCoy v. People*, 2019 CO 44, ¶¶ 37-38.

---

[1] Contrary to the People's assertion, we are satisfied that Prendergast sufficiently raised this issue in his opening brief to allow us to address it. *See Jones v. Williams*, 2019 CO 61, ¶ 5 ("Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer.").

¶ 10    When the statutory language is clear, we apply it as written. *People v. Griego*, 2018 CO 5, ¶ 25.  If, however, the language is ambiguous — that is, if it is reasonably susceptible of multiple interpretations — then we may look to other tools of statutory construction.  *McCoy*, ¶ 38.  One such tool is legislative history.  *Id.; see also* § 2-4-203(1)(c), C.R.S. 2024.

## B.    Application

¶ 11    In our view, the language in Subsection (J) is reasonably susceptible of multiple interpretations.  Again, the statute provides that records may not be sealed for

> [a] conviction that is subject to . . .
> [s]entencing for an offense classified as a class
> 1, 2, or 3 felony or a level 1 drug felony
> *pursuant to any section of title 18,*

with specific exceptions not applicable here.  § 24-72-706(2)(a)(VI)(J) (emphasis added).  The primary issue with interpreting this provision is the lack of clarity as to which word or words the phrase "pursuant to any section of title 18" modifies.

¶ 12    Under Prendergast's interpretation, this phrase modifies "a class 1, 2, or 3 felony" as well as "a level 1 drug felony."  Thus, he argues, only those *class 1, 2, and 3 felonies* that are established by

5

statutes in title 18 are excluded from sealing, and any similar high-level felonies established by statutes outside title 18 — such as those for securities fraud in title 11 — remain eligible for sealing.

¶ 13     Under the People's interpretation, the phrase "pursuant to any section of title 18" modifies "[s]entencing." Thus, the People argue, all offenses that are *sentenced* as class 1, 2, or 3 felonies under title 18 are ineligible for sealing. The People argue that this includes securities fraud offenses, as the penalty provisions for such offenses cross-reference title 18. *See* § 11-51-603(1) ("Any person who willfully violates the provisions of [the Colorado Securities Act] commits a class 3 felony and shall be punished as provided in section 18-1.3-401, C.R.S. [2024].").

¶ 14     We discern a third possible interpretation, which is that the phrase "pursuant to any section of title 18" modifies only "a level 1 drug felony." This would mean that Subsection (J) excludes from sealing all class 1, 2, and 3 felonies, regardless of whether they are established by statutes in or subject to sentencing under title 18, as well as all *level 1 drug felonies* under any section of title 18.

¶ 15     Because Subsection (J) is reasonably susceptible of multiple interpretations, we conclude that it is ambiguous. We therefore

6

look to the statute's legislative history to determine the General Assembly's intent.[2]

¶ 16    In 2019, the General Assembly comprehensively revised the sealing statutes with the passing of House Bill 1275.  *See* Ch. 295, sec. 1, §§ 24-72-701 to -708, 2019 Colo. Sess. Laws 2732-47.  The purpose of that effort was to increase eligibility for criminal record sealing, recognizing the collateral consequences that often follow persons long after they've served their sentences for even single low-level crimes.  *See* H.B. 19-1275, 72d Gen. Assemb., 1st Reg. Sess., Bill Summary (Colo. 2019) (enacted), https://perma.cc/FT3U-KRN6; Hearing on H.B. 19-1275 before the H. Judiciary Comm., 72d Gen. Assemb., 1st Reg. Sess. (Apr. 11, 2019) (statement of Rep. Matt Soper, Member, H. Judiciary Comm.).

¶ 17    The bill as first introduced only excluded specific crimes from sealing — for instance, child abuse under section 18-6-401, C.R.S. 2024, and extraordinary risk crimes under section 18-1.3-401(10). H.B. 19-1275, 72d Gen. Assemb., 1st Reg. Sess. (Colo. 2019) (as

---

[2] We don't consider the last antecedent rule, which doesn't apply to interpretations of Colorado statutes.  *See* § 2-4-214, C.R.S. 2024; *Estate of David v. Snelson,* 776 P.2d 813, 817-18 (Colo. 1989).

introduced in House), https://perma.cc/UA29-PMEU. That version of the bill didn't contain Subsection (J). *Id.*

¶ 18 At a House Judiciary Committee hearing, representatives and stakeholders repeatedly expressed concerns that the bill as introduced would allow various higher-level felonies to become eligible for sealing. *See* Hearing on H.B. 19-1275 before the H. Judiciary Comm., 72d Gen. Assemb., 1st Reg. Sess. (Apr. 11, 2019) (statements of Rep. Terri Carver, Member, H. Judiciary Comm.; Emily Tofte Nestaval, Executive Director, Rocky Mountain Victim Law Center; and Allison Boyd, Colorado Organization for Victim Assistance). For instance, Representative Carver pointed out that a crime like Medicaid fraud — which is created by a statute outside title 18, *see* § 24-31-808, C.R.S. 2024 — would be subject to sealing under the bill. *Id.* (statement of Rep. Carver). And one stakeholder expressed that "very serious financial crimes" would be eligible for sealing, including "class 3 securities fraud." *Id.* (statement of Boyd).

¶ 19 Based on these discussions, the bill was amended, including to add Subsection (J) in the same form in which it was ultimately enacted. *See* H.B. 19-1275, 72d Gen. Assemb., 1st Reg. Sess. (Colo. 2019) (as rerevised), https://perma.cc/Z8CX-S8SS; Hearing

on H.B. 19-1275 before the H. Judiciary Comm., 72d Gen. Assemb., 1st Reg. Sess. (Apr. 16, 2019) (statements of Rep. Mike Weissman, Member, H. Judiciary Comm., and Rep. Soper). According to Representative Weissman, Subsection (J) was added to "blanketly remov[e] any class 1, class 2, or class 3 felony or level 1 drug felony that was not already removed" from eligibility for sealing. Hearing on H.B. 19-1275 before the H. Judiciary Comm., 72d Gen. Assemb., 1st Reg. Sess. (Apr. 16, 2019) (statement of Rep. Weissman). And when the bill was discussed at a Senate Finance Committee hearing, Senator Lee described it as providing "no sealing for felony ones, twos, threes, or [drug felony] 1." Hearing on H.B. 19-1275 before the S. Fin. Comm., 72d Gen. Assemb., 1st Reg. Sess. (Apr. 29, 2019) (statement of Sen. Pete Lee, Vice Chair, S. Fin. Comm.).[3]

¶ 20    In accordance with the amendments, the bill summary was also updated to reflect that "[t]he act specifies the offenses for which sealing is not eligible including class 1, 2, and 3 felonies and level 1 drug felonies." *Compare* H.B. 19-1275, 72d Gen. Assemb., 1st Reg. Sess., Bill Summary (Colo. 2019) (as introduced in House) (not

---

[3] Representatives Soper and Weismann and Senator Lee were the primary sponsors of H.B. 19-1275.

containing this language), *with* H.B. 19-1275, 72d Gen. Assemb., 1st Reg. Sess., Bill Summary (Colo. 2019) (enacted) (containing this language).

¶ 21   Notably, neither the representatives' or senator's comments nor the bill summary restricted the exclusion of class 1, 2, and 3 felonies to those under title 18.  Instead, the comments and bill summary indicated that *all* class 1, class 2, and class 3 felonies would be excluded from record sealing.

¶ 22   We conclude that this legislative history demonstrates that in adding Subsection (J), the General Assembly intended to exclude all class 1, 2, or 3 felonies from record sealing, regardless of whether they are located in title 18.  Accordingly, the phrase "pursuant to any section of title 18" applies only to "a level 1 drug felony."

¶ 23   This conclusion is supported by the fact that level 1 drug felonies appear in three different sections of title 18.  *See* §§ 18-18-405(2)(a), -405(e), -406(1)(a), -406(2)(b)(III)(A), -407(1), C.R.S. 2024.  And, in fact, some subsections of section 24-72-706 other than Subsection (J) refer to drug felonies appearing in specific sections of title 18.  *See* § 24-72-706(1)(b)(II), (III).  Thus, by specifying that records concerning "a level 1 drug felony pursuant

10

to any section of title 18" were not eligible for sealing, the General Assembly signified that level 1 drug felony convictions from title 18's various sections were all ineligible for sealing.

¶ 24　Our conclusion is further supported by the principle of statutory interpretation that requires us to avoid constructions that result in illogical or absurd results. *See McCoy*, ¶ 38. As the People point out, it would be absurd to prohibit the sealing of a class 3 felony conviction for theft but allow the sealing of a class 3 felony conviction for securities fraud based on the same facts, simply because the former offense is established by a statute in title 18 and the latter offense is not. We decline to adopt a statutory interpretation that leads to such an absurd result.

¶ 25　Accordingly, we conclude that Subsection (J) prohibits the sealing of criminal records for felony offenses classified as class 1, 2, or 3, regardless of whether they are created by statutes in title 18, as well as level 1 drug felonies under any section of title 18. This construction is consistent with the legislature's intent, comports with the statute's language as a whole, and avoids interpreting the provision in a way that leads to absurd or illogical

11

results.  Applying this interpretation, Prendergast's class 3 felony securities fraud convictions are ineligible for sealing.[4]

IV.    Application of the 2013 Theft Amendments

¶ 26    Prendergast also contends that his class 3 felony theft conviction is eligible for sealing because he is entitled to the benefit of 2013 legislation reclassifying the crime he committed from a class 3 to a class 4 or 5 felony.  Again, we disagree.

¶ 27    True, the General Assembly amended the theft statute in 2013.  *See* Ch. 373, sec. 1, § 18-4-401(2), 2013 Colo. Sess. Laws 2195-96.  Under the amended statute, theft between $5,000 and $20,000 is a class 5 felony, and theft between $20,000 and $100,000 is a class 4 felony.  § 18-4-401(2)(g), (h), C.R.S. 2024.  At the time of Prendergast's offenses, before the amendment, theft of

---

[4] As we've noted, Prendergast filed his motion to seal using JDF 612.  That form includes in the list of conviction records ineligible for sealing "[s]entencing for an offense classified as a class 1 or 2 felony or a level 1 drug felony pursuant to any section of [t]itle 18" and "[s]entencing for an offense classified as a class 3 felony pursuant to any section of title 18."  Colo. Jud. Branch, JDF 612, *Motion to Seal Conviction Records*, https://perma.cc/3BP2-YYN3.  To the extent that this language contradicts our interpretation of Subsection (J), it is incorrect.

12

$15,000 or more was a class 3 felony. *See* § 18-4-401(2)(d), C.R.S. 1999; *see also People v. Trujillo*, 2018 COA 12, ¶ 68.

¶ 28     But the amendments to the theft statute apply retroactively only to convictions that weren't final at the time of their enactment. *People v. Stellabotte*, 2018 CO 66, ¶ 3. A conviction becomes final when the deadline to appeal has passed or when the mandate is issued following a direct appeal. *People v. Cali*, 2020 CO 20, ¶ 21. The mandate from Prendergast's direct appeal was issued in 2003. Thus, his theft conviction was final long before the 2013 legislation, and he isn't entitled to the benefit of that legislation.

¶ 29     Accordingly, Prendergast's theft conviction remains a class 3 felony ineligible for sealing. And because all of Prendergast's convictions are ineligible for sealing, we conclude that the district court didn't err by denying his motion to seal. *See People v.*

13

*Mangum*, 2022 COA 114, ¶ 7 ("[W]e may affirm on any ground supported by the record.").[5]

## V.    Disposition

¶ 30    The order is affirmed.

JUDGE DUNN and JUDGE HAWTHORNE concur.

---

[5] Because we conclude that none of Prendergast's convictions are eligible for sealing, we don't address the People's argument that the ineligibility of either the theft conviction or the securities fraud convictions renders the other conviction(s) ineligible because partial sealing of records is prohibited under section 24-72-703(12)(a)(I), C.R.S. 2024.  We likewise don't consider Prendergast's response that section 24-72-703(12)(a)(I) doesn't apply to his motion because it was added to the statute after his convictions were entered.