The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 28, 2026

## 2026 COA 41

**No. 24CA2067, *People v. J.P.* — Public Records — Sealing
Criminal Justice Records Other than Convictions; Trials —
Verdicts and Findings — Not Guilty by Reason of Insanity**

A court shall order a defendant's criminal justice records

sealed when the defendant is "acquitted of all counts in the case."

§ 24-72-705(1)(a)(II), C.R.S. 2025. A division of the court of appeals

holds that a defendant who is found not guilty by reason of insanity

(NGRI) is eligible for record sealing under the statute because an

NGRI judgment operates as an acquittal of the charged offenses.

Accordingly, the division reverses the district court's orders denying

the defendant's requests to seal his criminal justice records and

remands the case to the district court to seal his records.

COLORADO COURT OF APPEALS                                    **2026 COA 41**

Court of Appeals No. 24CA2067
El Paso County District Court Nos. 02CR5134, 03CR26 & 03CR46
Honorable Robin Chittum, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

J.P.,

Defendant-Appellant.

ORDERS REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Harris and Moultrie, JJ., concur

Announced May 28, 2026

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

J.P., Pro Se

¶ 1    A court shall order a defendant's criminal justice records sealed when the defendant is "acquitted of all counts in the case." § 24-72-705(1)(a)(II), C.R.S. 2025.  The question in this case is whether defendant, J.P., who was found not guilty by reason of insanity (NGRI) in three criminal cases, is eligible to have his criminal justice records sealed.

¶ 2    Because an NGRI judgment operates as an acquittal of the charged offenses, we answer yes to that question.  We therefore reverse the district court's orders denying J.P.'s requests to seal his criminal justice records and remand the case to the district court to seal his records.

## I.    Background

¶ 3    In the early aughts, the People charged J.P. with multiple crimes in three separate cases in El Paso County, Colorado (Case Nos. 02CR5134, 03CR26, and 03CR46).  After a bench trial, the court found J.P. NGRI in all three cases.  The court committed J.P. to the department of human services for care and psychiatric treatment.

¶ 4     During his commitment, J.P. pleaded guilty to second degree murder and aggravated robbery in connection with a cold case homicide.  The court sentenced him to sixty years in prison.

¶ 5     In April 2021, a psychiatrist at the Colorado Mental Health Institute at Pueblo opined that it was appropriate for J.P. to be unconditionally released to serve his prison sentence.  The district court then unconditionally released J.P. from commitment.

¶ 6     Three years later, J.P. filed motions in his three El Paso County cases to seal his criminal records under section 24-72-705.[1] He asserted that because the charges in each case "ended in acquittal" and a "finding of not guilty," his records were eligible for sealing.

¶ 7     The district court denied the motions, concluding that section 24-72-705 does not authorize sealing records in cases where a defendant is found NGRI.

---

[1] J.P. also filed a sealing motion in a fourth case, which is not at issue here.

## II.    Discussion

¶ 8    J.P. contends that because an NGRI verdict is an acquittal, his records are eligible for sealing under section 24-72-705(1)(a)(II), and the district court erred by denying his motion to seal.

### A.    Standard of Review and Legal Principles

¶ 9    We generally review a district court's decision whether to seal criminal justice records for an abuse of discretion. *People v. C.H.*, 2023 COA 86, ¶ 18.  But when — as here — a court's sealing decision rests on statutory interpretation, we review the court's interpretation de novo.  *Id.* at ¶ 19.

¶ 10    Our primary task in interpreting statutes is to ascertain and give effect to the General Assembly's intent.  *People v. Rau*, 2022 CO 3, ¶ 15.  To do that, we apply the plain and ordinary meanings of undefined phrases and read statutes "in context" to give "consistent, harmonious, and sensible effect to all of [their] parts." *McCoy v. People*, 2019 CO 44, ¶¶ 37-38.

### B.    Section 24-72-705: The 2019 Enactment

¶ 11    In 2019, the General Assembly comprehensively revised the sealing statutes.  *See* Ch. 295, sec. 1, §§ 24-72-701 to -708, 2019 Colo. Sess. Laws 2732-47.  The purpose of the revisions "was to

3

increase eligibility for criminal record sealing." *People v. Prendergast*, 2024 COA 127, ¶ 16.  Among other amendments, the General Assembly added section 24-72-705, which governs the sealing of criminal justice records other than convictions.  § 24-72-705, 2019 Colo. Sess. Laws at 2739-41; *see C.H.*, ¶ 15.

¶ 12    Under section 24-72-705, a court "shall" seal criminal justice records in the following situations:

> (I)    A case against a defendant is completely dismissed;
>
> (II)   The defendant *is acquitted* of all counts in the case;
>
> (III)  The defendant completes a diversion agreement pursuant to section 18-1.3-101[, C.R.S. 2025,] when a criminal case has been filed; or
>
> (IV)   The defendant completes a deferred judgment and sentence pursuant to section 18-1.3-102[, C.R.S. 2025,] and all counts are dismissed.

§ 24-72-705(1)(a)(I)-(IV) (emphasis added).

¶ 13    The General Assembly also made sealing retroactive for "all eligible cases" when, as relevant here, "the defendant has been acquitted of all counts."  § 24-72-705(1)(c), 2019 Colo. Sess. Laws at 2740.  If sealing did not occur "at the time of the dismissal or

4

acquittal," the amendment permitted the defendant to file a motion to seal "at any time" after the "dismissal or acquittal." § 24-72-705(1)(b), 2019 Colo. Sess. Laws at 2740.

¶ 14    Though the sealing statutes do not define the terms "acquitted" and "acquittal," they have plain and accepted meanings. And while one is a verb and the other a noun, they both mean the same thing — that someone is absolved from criminal responsibility, or, put simply, not guilty. *See, e.g.*, Merriam-Webster Dictionary, https://perma.cc/4WVB-SA3Y (defining "acquit" as "to discharge completely (as from an accusation or obligation)"); *see also* § 18-1-301(1)(a), C.R.S. 2025 ("There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction.").

¶ 15    And it's equally well established that because insanity is a "complete defense" to a charged crime, *Parks v. Denv. Dist. Ct.*, 503 P.2d 1029, 1033 (Colo. 1972), an NGRI verdict "is an adjudication on the merits which absolves the defendant of criminal responsibility," *People v. Serravo*, 823 P.2d 128, 140 (Colo. 1992). Thus, an NGRI verdict "operates as an acquittal of the charged

5

offenses." *People v. Laeke*, 2012 CO 13M, ¶ 18; *see also People v. Riggs*, 87 P.3d 109, 112 (Colo. 2004) (characterizing an NGRI verdict as an acquittal); *McElrath v. Georgia*, 601 U.S. 87, 90 (2024) (concluding that NGRI verdicts are acquittals under the Double Jeopardy Clause because "an acquittal is an acquittal"). Like any acquittal, an NGRI verdict is "a final judgment which ends the particular action in which it is entered." *People v. Galves*, 955 P.2d 582, 583 (Colo. App. 1997).

¶ 16    Though the People don't dispute that NGRI verdicts are acquittals, they say we should assume that the General Assembly did not intend for NGRI acquittals to be eligible for mandatory sealing because section 24-72-705 doesn't expressly refer to NGRI acquittals. But the opposite is true. That's because "[w]e presume the legislature is aware of existing" case law "when it enacts or amends statutes." *Laeke*, ¶ 15. Thus, by amending the sealing statutes in 2019 to require that criminal justice records "shall" be sealed when a "defendant is acquitted of all counts in the case," § 24-72-705(1)(a)(II), 2019 Colo. Sess. Laws at 2739, and by not excluding NGRI acquittals, we presume that the General Assembly intended to require sealing for all acquittals, including NGRI

6

acquittals. *See Martin v. People*, 27 P.3d 846, 855 (Colo. 2001) ("[W]e generally presume that the General Assembly is aware of our previously expressed understanding of specific language.").

¶ 17     Had the General Assembly intended to depart from this precedent and exclude NGRI acquittals from mandatory sealing, "it could have done so."[2] *People v. Licata*, 2023 COA 34, ¶ 12. And while the People point to policy reasons for distinguishing between NGRI acquittals and other acquittals, we don't make or weigh policy. *See F.M. v. People*, 298 P.3d 991, 993 (Colo. App. 2011). Because the General Assembly chose not to limit mandatory sealing to certain types of acquittals, neither may we. *See Rau*, ¶ 34 ("It is for the legislature, not our court, to rewrite a statute.").

¶ 18     Our interpretation is supported by *Licata*. There, the defendant appealed the extension of a mandatory protection order entered against him after an NGRI verdict. *Licata*, ¶ 1. By statute, a mandatory protection order remains in effect "until final

---

[2] This is further supported by the fact that the General Assembly added section 24-72-705(1)(g) in 2024, which states that charges dismissed because of incompetency are "not eligible for sealing." Ch. 384, sec. 4, § 24-72-705(1)(g), 2024 Colo. Sess. Laws 2619. Yet, it did not amend the statute to exclude NGRI acquittals from record sealing.

disposition of the action." § 18-1-1001(1)(a), C.R.S. 2025; *see Licata*, ¶ 10. At the time of the *Licata* decision, the mandatory protection order statute provided that "[u]ntil final disposition of the action" meant "until the case is dismissed, until the defendant is acquitted, or until the defendant completes" their sentence. *Licata*, ¶ 10 (quoting § 18-1-1001(8)(b), C.R.S. 2022). Because he was acquitted by reason of insanity, the defendant argued that the protection order should not have remained in effect. *Id.* at ¶ 11. Much as we do here, the *Licata* division rejected the People's attempt to distinguish an NGRI acquittal from other acquittals, concluding that the effect of a "not guilty" verdict and an NGRI verdict — "despite the different treatment of a defendant" after the verdicts — "is the same and concludes the criminal case."[3] *Id.* at ¶ 14. To the extent the People argue *Licata* is somehow different and doesn't apply here, we disagree.

---

[3] After *People v. Licata*, 2023 COA 34, the General Assembly amended the statute governing the termination of mandatory protection orders to distinguish between acquittals and NGRI verdicts. *See* Ch. 263, sec. 4, § 18-1-1001, 2023 Colo. Sess. Laws 1567.

C.     Section 24-72-705: The 2022 Amendments

¶ 19     In 2022, the General Assembly amended section 24-72-705. *See* Ch. 276, sec. 12, § 24-72-705, 2022 Colo. Sess. Laws 1991-92. Included in the amendments was a new subsection that states, in relevant part as follows:

> The court shall not require a written motion or any other written pleadings for sealing pursuant to this section.  The court *shall enter an order sealing records pursuant to this subsection (1) at the time of disposition* and shall serve the sealing order . . . no later than twenty-eight days after the date of disposition.

§ 24-72-705(1)(a.5), 2022 Colo. Sess. Laws at 1991 (emphasis added).

¶ 20     The 2022 amendments also clarified that the term "disposition" has the same meaning "as set forth in section 24-72-302," C.R.S. 2025, of the Colorado Criminal Justice Records Act (CCJRA).  Sec. 9, § 24-72-701(5.5), 2022 Colo. Sess. Laws at 1987. And the CCJRA defines "disposition" to include, as material here, "the conclusion of criminal proceedings, including conviction, acquittal, or acquittal by reason of insanity." § 24-72-302(6).  Thus, section 24-72-705(1)(a.5) clarifies the timing of mandatory sealing.

¶ 21     Reading the 2022 amendments together and in context with section 24-72-705(1)(a), they simply require a court to seal eligible records at the time of disposition.  They don't change the type of records eligible for sealing but, instead, specifically confirm — to the extent there was any possible doubt — that acquittals and acquittals by reason of insanity are included in the dispositions that must be sealed when they are entered.  *See* § 24-72-701(5.5), C.R.S. 2025.

¶ 22     We are therefore unpersuaded by the People's argument that the inclusion of both acquittals and acquittals by reason of insanity as dispositions that require sealing at the time they are entered somehow means that the General Assembly intended to limit mandatory sealing to acquittals other than NGRI acquittals.  That interpretation doesn't make sense.  And the People don't explain how the specific inclusion of NGRI acquittals in the dispositions that must be sealed when they are entered somehow narrows what types of acquittals are subject to sealing under section 24-72-705(1)(a).

¶ 23     Because we conclude that section 24-72-705 requires a court to seal a defendant's criminal justice records when a defendant is

acquitted by reason of insanity, we conclude that the district court abused its discretion by denying J.P.'s motions to seal.

### III.  Disposition

¶ 24    We reverse the orders and remand the case to the district court with directions to seal the criminal justice records in El Paso County Case Nos. 02CR5134, 03CR26, and 03CR46.

JUDGE HARRIS and JUDGE MOULTRIE concur.